GEO. FEICK & SONS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8796, 13757, 18644.   Promulgated May 26, 1927.

Amounts credited to the officers of the petitioner corporation and not withdrawn by them *held* to be liabilities of the corporation and not a part of its invested capital.

*Ben Jenkins, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

These are proceedings for the redetermination of income and profits taxes for the calendar years 1919, 1920, and 1921, in the amounts of $873.90, $1,351.12, and $2,509.26, respectively.

The deficiences arise from the action of the respondent in excluding from invested capital for the years involved, amounts left in the business by the officers of the corporation representing salaries and dividends credited to the respective officers on the books of the cor-

poration in excess of the amounts actually drawn by them. The three proceedings were consolidated for the purpose of hearing and decision.

For 1920 and 1921 the petitioner alleges as error the action of the respondent in prorating and deducting from invested capital the taxes for prior years in an amount alleged to be in excess of the true tax liability for such prior years.

### FINDINGS OF FACT.

The petitioner is an Ohio corporation with its principal office at Sandusky. It was organized the latter part of 1916 or the first part of 1917 and took over the personal business of George Feick, Sr., who had carried on the business theretofore as an individual.

George Feick, Sr., transferred to the corporation, at the time of its organization, tangible assets of the value of $20,000. George Feick, Jr. and Emil Feick, sons of George Feick, Sr., contributed $2,000 each and capital stock was issued in the amount of 150 shares to George Feick, Sr., and 50 shares each to George Feick, Jr., and Emil Feick. Of the 150 shares issued to George Feick, Sr., one qualifying share each was issued to Minnie K. and Olga C. Feick, wife and daughter, respectively, of George Feick, Sr.; and George Feick, Sr., contributed another $1,000 in cash, making $5,000 contributed in cash in addition to the $20,000 in tangible assets paid in by him at the time of the organization of the corporation.

At the time of organization of the corporation, it was agreed that all the salary which was to be allowed George Feick, Jr., and Emil Feick, and also all dividends which might accumulate on the stock owned by them as well as on the stock owned by George Feick, Sr., would be credited to them on the books of the corporation but would not actually be withdrawn in excess of $20 per week to George Feick, Jr., and $25 per week to Emil Feick. George Feick, Sr., did not draw any salary. The agreement was that they would wait and " leave all of the assets that could accumulate, leave them in the business for awhile, so we would not have to borrow money to relieve the burden at that time. All dividends were to be added to the business."

At the end of the year there was a directors' meeting and at that meeting it was determined what amount should be credited to each of the accounts and each of the individuals paid income tax upon the amount so determined and credited to each of them on the books. The corporation kept personal accounts for each of the individuals. The amounts were set up on the liability side of the balance sheet as being amounts due the officers and stockholders. The records of the

corporation contained no entry to the effect that items of accumulated salaries and dividends were to be kept in the business. The agreement on this matter was oral between the three individual officers. The amounts shown on the books to be due to each were credited to the accounts of the individuals and were not represented by notes, and no interest was paid on the amounts.

Up until December 31, 1918, there had been accumulated $13,818; to December 31, 1919, $26,522; to December 31, 1920, $44,106, representing accumulated dividends and undrawn salaries which had been credited to the above-named individuals on the books of the corporation.

In its income and profits-tax returns for the calendar years 1919, 1920, and 1921, petitioner included all amounts of the credits to its stockholders above mentioned in its invested capital.

Upon auditing the income and profits-tax returns, the respondent disallowed the above amounts and excluded the same from invested capital.

### OPINION.

TRAMMELL: The question is whether the amounts of accumulated salaries and dividends which had been credited to the stockholders and which had not been drawn by them for the respective years involved, constituted a part of the invested capital of petitioner.

In order to determine this question, we must decide whether the amounts so credited represented borrowed money in the hands of the corporation or whether it represented assets paid in by the stockholders. If the amounts were borrowed money, it is clear that they can not be included in invested capital. In our opinion, from all of the evidence, the amounts credited by the corporation to its stockholders, represented indebtedness of the corporation. The fact that the corporation retained and used the money in its business when it represented a liability, does not constitute such amount a part of its invested capital. We are not convinced that the stockholders contributed the amounts credited to them to the corporation. There appears to have been no agreement on the part of the stockholders, either among themselves or with the corporation, that they would at no time withdraw the amounts. In our opinion, the decision of this case is controlled by prior decisions of the Board. See *Appeal of Kelly-Buckley Co.*, 1 B. T. A. 1154; *Appeal of Consolidated Electric Lamp Co.*, 1 B. T. A. 616; *Appeal of Electrical Supply Co.*, 1 B. T. A. 658; *Appeal of Wm. H. Davidow Sons Co.*, 1 B. T. A. 1215; *Appeals of Roshek Brothers Co.*, 2 B. T. A. 260; 794; and upon the authority of those decisions we hold that the amounts credited to the officers represented borrowed money. No

question is raised as to whether funds were available out of which to pay the dividends credited to the stockholders.

On the question of computation of invested capital of the petitioner for the calendar years 1920 and 1921, it is not shown that the respondent committed error in the proration and exclusion from invested capital of the prior years' taxes.

*Judgment will be entered for the respondent.*